UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE

*ELECTRONICALLY FILED*

ROSE SIMPSON, as Administratrix )
of the Estate of James Richard )
Simpson, Deceased )
                                         ) Civil Action No. 3:14-cv-251-H
                                         )
       Plaintiff, )
                                         ) **COMPLAINT**
V. )
                                         )
UNITED STATES OF AMERICA; )
                                         )
       Defendant. )

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

***SERVE BY CERTIFIED MAIL:***

**UNITED STATES OF AMERICA**

Serve:      Hon. David J. Hale
               U.S. Attorney, Western District of Kentucky
               717 West Broadway
               Louisville, Kentucky 40202

Serve:      Hon. Eric H. Holder, Jr.
               Attorney General
               Department of Justice
               10th & Constitution Avenue, NW
               Washington, DC 20530

Comes the Plaintiff, Rose Simpson, as Administratrix of the Estate of James Richard Simpson, deceased, by counsel, and for her cause of action herein, states as follows:

## JURISDICTION

1. This Court has original jurisdiction pursuant to 28 USC Section 1346, the Federal Tort Claims Act.

2. That at all times relevant hereto, Plaintiff's Decedent, James Richard Simpson, was a resident of the Commonwealth of Kentucky, residing in Bardstown, Kentucky.

3. The Defendant, the United States of America, may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and the Complaint on David J. Hale, United States Attorney for the Western District of Kentucky, by certified mail, return receipt requested at his office, U.S. Attorney's Office for the Western District of Kentucky, 717 West Broadway, Louisville, Kentucky 40202, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Complaint on Eric H. Holder, Jr., Attorney General's Office, Department of Justice, 10th & Constitutional Avenue, NW, Washington, DC 20503, to the attention of the Civil Process Clerk.

4. The Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. § 1346(b) and 2671-2680 *et seq.*, commonly known as the "Federal Tort Claims Act" which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and all of the events or omissions giving rise to the claim occurred in this district.

## LIABILITY OF THE UNITED STATES OF AMERICA

6. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the medical malpractice, personal injuries, and resulting damages of which complaint were made were proximately caused by the negligence, wrongful acts and/or omissions of employees of the Robley Rex Veterans Administration ("VA") Medical Center, 800 Zorn Avenue, Louisville, Kentucky, and the Veterans Administration Medical Center, 851 Ireland Loop, Fort Knox, Kentucky, while acting within the scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the Commonwealth of Kentucky.

7. In this Complaint, whenever the term "U.S. Defendant" is used, it means the United States, its officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that U.S. Defendant did any act or thing, it is meant that the United States, its officers, agents, servants, employees, and/or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization and ratification of the United States and was done in the normal and routine course and scope of employment of the United States' officers, agents, servants, employees, and/or representatives. Whenever in this Complaint it is alleged that U.S. Defendant omitted any act or thing, it is meant that Defendant, the United States, its officers, agents, servants, employees, and/or representatives omitted such act or thing.

## JURISDICTIONAL PREREQUISITES

8. Plaintiff brings this action pursuant to Title 28 U.S.C.§ 2672 and § 2675(a), and states that the claim set forth herein was filed with and presented administratively to the Defendant's agency, Department of Veteran's Affairs, on or about June 6, 2013. On or about February 3, 2014, Plaintiff received correspondence from Melinda L. Perritano of the Department of Veterans Affairs, Office of Regional Counsel, denying Plaintiff's claim. Although dated January 22, 2014, said correspondence was post-marked January 29, 2013. See, Correspondence of Melinda L. Perritano, attached hereto as Exhibit "A". Said correspondence set forth that pursuant to 28 U.S.C. §§ 1346(b) and 2671-2680, Plaintiff may file a FTCA claim in Federal District Court "within six (6) months of the mailing of this of this denial (28 U.S.C. § 2401(b))", i.e., January 29, 2014. Id.

## THE DEPARTMENT OF VETERANS AFFAIRS IS AN AGENCY OF THE UNITED STATES OF AMERICA

9. The Department of Veterans Affairs is an agency of the United States of America. Defendant, United States of America, through its agency, the Department of Veterans Affairs, at all times material hereto, owned, operated and controlled the health care facilities known as Robley Rex Veterans Administration Medical Center, Louisville, Kentucky, and Veterans Administration Medical Center, Fort Knox, Kentucky, through its agency, the Department of Veterans Affairs, staffed said facility with its agents, servants, and/or employees. Both the Robley Rex Veterans Administration Medical Center, Louisville, Kentucky and the Veterans Administration Medical Center, Fort Knox, Kentucky, are physically located within the borders of Kentucky.

## EMPLOYMENT AND COURSE AND SCOPE

10. At all times herein, all persons involved in the medical and health care services provided to Plaintiff at the Robley Rex Veterans Administration Medical Center, Louisville, Kentucky, and the Veterans Administration Medical Center, Fort Knox, Kentucky, were agents, servants and employees of the Department of Veterans Affairs, the United States of America or some other agency thereof and were at all times material hereto, acting within the course and scope of such employment.

11. This is a Federal Tort Claims Action for monetary damages sustained by Plaintiff's decedent as the result of Defendant's substandard, and therefore, negligent medical care.

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA
## CLAIMS AGAINST ROBLEY REX VA MEDICAL CENTER,
## LOUISVILLE, KENTUCKY

12. On or about August 16, 2012, and thereafter, James Richard Simpson became a patient of the Robley Rex VA Medical Center, Louisville, Kentucky for the purposes of receiving medical services, examinations, treatments, diagnoses and medical care as his condition required. James Richard Simpson was admitted to the Robley Rex VA Medical Center on or about August 16, 2012. He was transferred there from Norton Audubon Hospital, where a CABG surgery was performed upon him on or about August 10, 2012.

13. Upon his admission to the Robley Rex VA Medical Center on or about August 16, 2012, James Richard Simpson was diagnosed with respiratory failure, fever, and leukocytosis with moderate left pleural effusion. James Richard Simpson was discharged by the Robley Rex VA Medical Center on or about August 23, 2012. The U.S. Defendant failed to diagnose and appropriately treat his sternal wound during this hospitalization by referring him to surgery. This failure constitutes negligence.

14. On or about September 6, 2012, James Richard Simpson was re-admitted to the Robley Rex VA Medical Center due to chest pain. His diagnosis upon admission was lower sternal dehiscence with a recent history of multiple falls. The following day, James Richard Simpson was discharged from the Robley Rex VA Medical center on anti-inflammatory medications. The discharge occurred without any investigation performed by the U.S. Defendant, including but not limited to taking a CT scan, as to whether James Richard Simpson's localized sternal osteomyelitis was the cause of the dehiscence. Given the changes to James Richard Simpson's incisional scar from the CABG surgery, as well as the fact that sternal dehiscence is a risk factor for mediastinitis, the U.S. Defendant's failure to investigate was negligent.

15. On or about September 18, 2012, James Richard Simpson again presented to the Robley Rex VA Medical Center on an outpatient basis. The U.S. Defendant performed a CT scan of James Richard Simpson's chest, which revealed a large rim-enhancing fluid collection deep to inferior sternal wire abutting the pericardium and extending into subcutaneous tissues, which suggested a possibility of an abscess. However, the U.S. Defendant did not include an abscess in the differential diagnosis, and neither aspirated nor cultured the fluid collection to rule out or diagnose mediastinitis. These failures to act by the U.S. Defendant constitute negligence.

16. On or about September 19, 2012, James Richard Simpson was scheduled for cardiac rehabilitation at the Robley Rex VA Medical Center. However, the cardiac rehabilitation nurse cancelled his therapy and documented that James Richard Simpson's lower sternal incision was erythematous and had a "fluid-filled" appearance. Once again, the U.S. Defendant did not perform any cultures of the fluid or a needle aspiration to determine

whether James Richard Simpson had an infection. This failure to investigate and/or diagnose by the U.S. Defendant constitutes negligence.

17. On or about September 24, 2012, James Richard Simpson presented to the emergency room at the Robley Rex VA Medical Center complaining of chest pain. During this emergency room visit, the United States Defendant did not investigate whether James Richard Simpson had mediastinitis. The United States Defendant did not perform a culture or perform a CT scan. Instead, the United States Defendant incorrectly diagnosed James Richard Simpson with incisional seroma. This failure to investigate and/or diagnose constitutes negligence by the United States Defendant.

18. On or about October 5, 2012, James Richard Simpson died secondary to complications of mediastinitis.

19. In rendering those medical services, examinations, treatments, diagnoses and medical care for James Richard Simpson, the U.S. Defendant, and through its agents, servants and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physician or health care provider under like or similar circumstances.

20. That as a result of the failure of the U.S. Defendant, and through its agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Plaintiff's decedent, James Richard Simpson, suffered severe personal injury and death.

21. As a result of the injuries caused to James Richard Simpson by the negligence of the U.S. Defendant as set forth above, James Richard Simpson incurred medical expenses, reasonable and necessarily related to his condition, suffered severe physical pain and

mental anguish, extreme emotional distress, loss of his ability to enjoy life; suffered permanent impairment of his power to earn money and funeral expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

### CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA
### CLAIMS AGAINST VA MEDICAL CENTER,
### FORT KNOX, KENTUCKY

22. Upon information and belief, James Richard Simpson treated at the VA Medical Center, Fort Knox, Kentucky, during the time period between which his CABG surgery was performed, i.e., on or about August 10, 2012, and his death, i.e., on or about October 5, 2012, for the purposes of receiving medical services, examinations, treatments, diagnoses and medical care as his condition required..

23. In rendering those medical services, examinations, treatments, diagnoses and medical care for James Richard Simpson, the U.S. Defendant, and through its agents, servants and employees, failed to exercise the degree of care and skill that would be expected of an ordinarily prudent or reasonably competent physician or health care provider under like or similar circumstances.

24. That as a result of the failure of the U.S. Defendant, and through its agents, servants and employees, all as described above, in rendering medical services, examinations, treatments and diagnoses, Plaintiff's decedent, James Richard Simpson, suffered severe personal injury and death.

25. As a result of the injuries caused to James Richard Simpson by the negligence of the U.S. Defendant as set forth above, James Richard Simpson incurred medical expenses, reasonable and necessarily related to his condition, suffered severe physical pain and mental anguish, extreme emotional distress, loss of his ability to enjoy life; suffered

permanent impairment of his power to earn money and funeral expenses, all in an amount in excess of the minimum jurisdictional requirement of this Court.

**WHEREFORE,** Plaintiff, Rose Simpson, as Administratrix of the Estate of James Richard Simpson, deceased, demands judgment against the United States of America for the personal injury to and wrongful death of James Richard Simpson, for the medical and related expenses, necessary and related to the care of Plaintiff's decedent's condition, for physical pain and mental anguish suffered by the Plaintiff's decedent, for impairment of the Plaintiff's decedent's power to earn money, for Plaintiff's decedent's extreme emotional distress, and for permanent and total impairment of the Plaintiff's decedent's power and ability to enjoy life, and for funeral expenses, in the aggregate sum of $20,000,000.00, and for any and all other relief to which Plaintiff may be entitled, including her costs herein expended, a reasonable attorney's fee, pre-judgment and post-judgment interest on all sums awarded, and including **TRIAL BY JURY,** on all issues so tryable.

Respectfully submitted,

BY: /s/ Stephen M. O'Brien, III
Hon. Stephen M. O'Brien, III
sobrien@smolawky.com
Stephen M. O'Brien, III, PLLC
271 West Short Street, Suite 200
Lexington, Kentucky 40507
Telephone: 859.523.4336
Facsimile: 859.523.4713

*Counsel for Rose Simpson, as Administratrix of the Estate of James Richard Simpson, deceased*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

BY:  /s/ Stephen M. O'Brien, III
*Counsel for Rose Simpson, as Administratrix of
the Estate of James Richard Simpson, deceased*